UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEB ANDERSON, | No. 2:13-CV-01736-TLN-CMK |
| Plaintiff, | |
| v. | **ORDER** |
| PENNINSULA FIRE DISTRICT, ET AL., | |
| Defendant. | |

This matter is before the Court pursuant to Defendants Peninsula Fire District ("Defendant Fire District"), Robert Philips ("Defendant Philips") and Gary Pini's ("Defendant Pini") (collectively hereinafter referred to as "Defendants") Motion to Dismiss (ECF No. 9)[1] and request for judicial notice (ECF No. 9-2).[2] Plaintiff Caleb Anderson ("Plaintiff") opposes Defendants' motion. (*See* ECF No. 11.) The Court has carefully considered the arguments raised by both parties. For the reasons stated below, Defendants' Motion to Dismiss (ECF No. 9) is GRANTED.

---

[1] This matter was submitted without oral argument on December 3, 2013. (Minute Order, ECF No. 13); see also E.D. Cal. Local Rule 230(g).

[2] Defendants request this Court take judicial notice of the instant complaint filed in this case as well as the fact that Defendant Fire District is a public entity. The Complaint in this case is already before this Court, so judicial notice is not required for the Court to consider it. However, because both the Complaint and Defendant Fire District's status as a public entity are not subject to reasonable dispute because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, judicial notice is appropriate. *See* Fed. R. of Evidence 201.

## I.     FACTUAL BACKGROUND

Plaintiff filed his Complaint on August 22, 2013.  (Compl., ECF No. 2.)   Defendant Fire District is a public entity, and the individual defendants are all public employees.  (ECF No. 2 at ¶¶ 5–6.)   Plaintiff alleges he was hired by Defendant Fire District in 2004 as a firefighter/paramedic and that during the course of his employment he received favorable performance reviews.  (ECF No. 2 at ¶ 7.)  Thereafter, Plaintiff alleges that in November 2010, service workers discovered an accumulation of bat guano, which is considered a health hazard, in the attic above the living quarters of Defendant Fire District station number 2.  (ECF No. 2 at ¶ 7.)  Plaintiff states that he reported the presence of bat guano to Defendant Phillips, who is Defendant Fire District's acting fire chief, but that Defendant Phillips took no action to eradicate the presence of the guano.  (ECF No. 2 at ¶ 7.)  Next, Plaintiff alleges that he reported the presence of bat guano to the California Division of Occupational Health and Safety (OSHA).  (ECF No. 2 at ¶ 7.)

Plaintiff states that OSHA conducted an initial inspection of Defendant Fire District's facility but was misled by Defendant Phillips.  (ECF No. 2 at ¶ 8.)  Thereafter, Plaintiff alleges that a second inspection by OSHA revealed the presence of bat guano, resulting in OSHA issuing a citation to Defendant Fire District.  (ECF No. 2 at ¶ 8.)  Plaintiff claims that his complaint to OSHA caused Defendant Phillips to retaliate against him by issuing a false and unwarranted "warning letter" and by repeatedly meeting with Plaintiff and "threatening him for alleged deception and dishonesty."  (ECF No. 2 at ¶ 8.)

Plaintiff further alleges that Defendant Phillips retaliated against the Plaintiff for Plaintiff's union activities.  (ECF No. 2 at ¶ 9.)  Specifically, Plaintiff alleges that Defendant Phillips questioned other employees about possible wrong-doing by the Plaintiff, removed Plaintiff from the Fire Department interview and hiring panel, and transferred Plaintiff from his Engine Captain position.  (ECF No. 2 at ¶ 9.)   Plaintiff also claims that Defendant Phillips personally reviewed Plaintiff's reports on medical calls, met with Plaintiff about each report made in the course of his duties, and assigned Plaintiff deadlines that were unachievable.  (ECF No. 2 at ¶ 9.)  Thus, Plaintiff was required to work long hours in an attempt to achieve the unachievable

goals assigned by Defendant Phillips.  (ECF No. 2 at ¶ 9.)

Thereafter, Plaintiff alleges the Defendants sabotaged Plaintiff's paramedic recertification application and used the fact that Plaintiff did not have a current and valid paramedic license as a ruse and pretext to terminate Plaintiffs employment.  (ECF No. 2 at ¶ 10.)  At the time of his termination from Defendant Fire District, Plaintiff alleges that he was a captain/paramedic. (ECF No. 2 at ¶ 7.)  Plaintiff asserts that he was terminated because he publicly expressed concern regarding the health of employees working at the Fire Department and asked that the hazardous conditions be rectified and because of his involvement in the union.  (ECF No. 2 at ¶ 13.)

Based upon these allegations, Plaintiff's Complaint alleges five causes of action: (1) Dismissal Without Due Process Hearing; (2) Wrongful Termination in Violation of Public Policy; (3) Breach of Implied Covenant of Good Faith and Fair Dealing; (4) Intentional Infliction of Emotional Distress; and (5) Disability Discrimination.  (ECF No. 2.)  Defendants' motion addresses the second, third, fourth and fifth causes of action.  (*See* ECF No. 9.)

## II.  STANDARD OF LAW

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads

3

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading

4

could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III.  ANALYSIS

Defendants have moved this Court to dismiss Plaintiff's Second, Third, Fourth and Fifth Causes of Action. In Plaintiff's opposition, he admits that his Third Cause of Action: Breach of Implied Covenant of Good Faith and Fair Dealing should be dismissed pursuant to the case law that Defendants have cited. (ECF No. 11 at 6.)[3] As such, Defendants' motion to dismiss Plaintiff's Third Cause of Action is GRANTED. The Court addresses each of the remaining causes of action below.

#### A.  **Plaintiff's Second Cause of Action: Wrongful Termination in Violation of Public Policy**

Plaintiff's Second Cause of Action alleges that Plaintiff was wrongfully terminated in violation of public policy. In reviewing Plaintiff's Complaint, the Court construes Plaintiff's second cause of action to be brought against individual Defendants as well as Defendant Fire Department. Defendants contend that this claim is barred pursuant to California Government Code § 815. This Court agrees.

California Government Code § 815 states "[e]xcept as otherwise provided by statute a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." The California Supreme Court has addressed its application to wrongful termination claims. *See Lloyd v. Cnty. of Los Angeles*, 172

---

[3] Plaintiff mistakenly refers to his claim for breach of implied covenant of good faith as his second cause of action in his opposition.

Cal. App. 4th 320 (2009). In *Lloyd*, as here, the plaintiff alleged wrongful termination in violation of the public policy against retaliation for whistleblower activity, predicated on the public policies set forth in Labor Code §§ 98.6, 1102.5 and 6399.7, and Government Code § 8547, relating to whistleblower activity. The *Lloyd* court held that plaintiff's claim was barred pursuant to California Government Code § 815. *Id.* at 329. ("Our own decisions confirm that section 815 abolishes common law tort liability for public entities.") (quoting *Miklosy v. Regents of Univ. of California*, 44 Cal. 4th 876, 899 (2008)). Accordingly, Plaintiff's claim against Defendant Fire Department is barred.

Notwithstanding the elimination of common law tort liability for public entities, public entities remain liable under the doctrine of respondeat superior for the actions of their employees. *Id.* at 330. However, to the extent that Plaintiff argues that Individual Defendants may still be liable, this argument fails because "[a]n individual who is not an employer cannot commit the tort of wrongful discharge in violation of public policy; rather, he or she can only be the agent by which an employer commits that tort." *Id.* at 330 (quoting *Miklosy*, 44 Cal. 4th at 900). Therefore, Plaintiff's common law cause of action for wrongful termination, or a claim of retaliation, lies only against his employer, Defendant Fire Department, not against the supervisor through whom the employer commits the tort. *Id.* As such, Plaintiff cannot sustain this cause of action against Defendant Fire Station or the Individual Defendants, and Defendants' motion to dismiss Plaintiff's Second Cause of Action is therefore GRANTED.

### B. Plaintiff's Fourth Cause of Action: Intentional Infliction of Emotional Distress

A cause of action for intentional infliction of emotional distress ("IIED") exists when there is "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009) (quotations omitted). Defendants contend that Plaintiff has failed to allege facts that are sufficient to establish the first and second prongs.

1    To sustain an IIED claim under the first prong, a plaintiff must allege conduct by a
2 defendant "so extreme as to exceed all bounds of that usually tolerated in a civilized society."
3 *Huntingdon Life Sciences v. Stop Huntingdon Animal Cruelty USA*, 129 C.A.4th 1228, 1259
4 (2005). "Whether a defendant's conduct can reasonably be found to be outrageous is question of
5 law that must initially be determined by court; if reasonable persons may differ, it is for jury to
6 determine whether conduct was, in fact, outrageous." *Berkley v. Dowds*, 152 Cal. App. 4th 518,
7 534 (2007).

8    Here, the conduct alleged includes Defendant Phillips retaliating against Plaintiff for filing
9 as OSHA complaint. Plaintiff also alleges Defendant Phillips retaliated against him based on
10 efforts Plaintiff took to unionize the firefighters as follows: issuing a false and unwarranted
11 "warning letter"; repeatedly meeting with Plaintiff and threatening him for being dishonest;
12 questioning other employees about possible wrong-doing by the Plaintiff; removing Plaintiff from
13 the Fire Department interview and hiring panel; transferring Plaintiff from his Engine Captain
14 position; reviewing Plaintiff's reports on medical calls; meeting with Plaintiff about each report
15 made in the course of his duties; assigning Plaintiff deadlines that were unachievable; requiring
16 Plaintiff to work long hours to achieve such unachievable goals; and sabotaging Plaintiff's
17 paramedic recertification application. (*See* ECF No. 2 at ¶¶ 9–13.)

18    Courts have consistently found that when a plaintiff's IIED claim is completely based on a
19 supervisor's criticisms of work performance it is not so extreme as to exceed all bounds of
20 civilized community. *See Buscemi v. McDonnell Douglas Corp.,* 736 F.2d 1348, 1352 (9th Cir.
21 1984) (applying California law and holding that facts supporting a wrongful termination claim are
22 insufficient alone to support an IIED claim: "[e]very employee who believes he has a legitimate
23 grievance will doubtless have some emotional anguish occasioned by his belief that he has been
24 wronged"); *Lawler v. Montblanc N. Am.*, No. LLC, 10-CV-01131-LHK, 2011 WL 1466129, at
25 *10 (N.D. Cal. Apr. 15, 2011) aff'd, 704 F.3d 1235 (9th Cir. 2013) (holding that an employer's
26 work-related criticism was not extreme conduct); *McCoy v. Pac. Mar. Ass'n*, 216 Cal. App. 4th
27 283, 295 (2013) (finding that although a series of subtle, yet damaging injuries caused by
28 employer's retaliation was sufficient to constitute retaliation, it did not necessarily rise to the

7

"extreme and outrageous" standard required for an intentional infliction of emotional distress claim); *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 80 (1996) ("A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged."); *Trerice v. Blue Cross of California*, 209 Cal. App. 3d 878, 883–84 (1989) (holding that replacing plaintiff's termination package with one less favorable and requiring her to perform menial tasks did not support an IIED claim). Here, the alleged behavior is certainly offensive, however, it does not rise to the level of outrageousness required to sustain Plaintiff's IIED claim. Therefore, because the Court finds that Plaintiff has not alleged sufficient facts to satisfy the first prong, the Court need not discuss the second and third prongs, and Defendants' motion to dismiss Plaintiff's IIED claim is GRANTED.[4]

### C. Plaintiff's Fifth Cause of Action: Disability Discrimination

Plaintiff's discrimination claim is predicated on Plaintiff's allegations that he suffers from dyslexia and thus needs to use a computer to write his reports. (ECF No. 2 at ¶ 48.) Plaintiff alleges that Defendants Phillips and Pini were aware of his disability and still "ordered the Plaintiff to write out his reports without the aid of a computer thereby creating a pretext of insubordination that led to their justification for giving written warnings to the Plaintiff and subsequently terminating Plaintiff's employment." (ECF No. 2 at ¶ 48.) Plaintiff asks the Court to award the following relief: general damages and special damages according to proof; punitive damages with interest provided by law; Attorney's Fees, including the costs of suit; and other and further relief as the Court deems justified. (ECF No. 2 at ¶ 53.)

Defendants contend that pursuant to the Ninth Circuit's decision in *Walsh v. Nevada Department of Human Resources*, 471 F.3d 1033, 1037–38 (9th Cir. 2006), supervisors and coworkers are not individually liable under the Americans With Disabilities Act (ADA) for disability discrimination. (ECF No. 9-1 at 14.) Thus, Defendants move this Court to dismiss Plaintiff's Fifth Cause of Action. Plaintiff does not address Defendants' contention in his

---

[4] Because the Court grants Defendants' motion to dismiss Plaintiff's IIED claim pursuant to Defendants' argument that Plaintiff fails to allege facts that show extreme and outrageous conduct, the Court need not address Defendants' other arguments for dismissal.

1 opposition. Plaintiff's failure to oppose defendants' motion in any other respect should be
2 construed as a waiver or abandonment of those issues warranting dismissal of the claim. *See*
3 *Walsh*, 471 F.3d at 1037. In any event, even if Plaintiff were to oppose Defendants' motion on
4 this ground, the Court finds that the case law cited by Defendants is dispositive.

5 It appears that Plaintiff's claim is derived from alleged violations of California
6 Government Code §12940(a) (FEHA) and Title I of the ADA. (ECF No. 2 at ¶ 48.) However, it
7 is unclear from Plaintiff's complaint whether or not this cause of action is brought against all
8 Defendants or just against Defendants Phillips and Pini.

9 As to Plaintiff's claims against Defendants Phillips and Pini, the Court agrees with
10 Defendants' contention. The Ninth Circuit has held that because individuals may not be sued for
11 damages under Title VII and the ADA's definition of "employer" is the same as Title VII's,
12 supervisors and coworkers are not individually liable under the ADA for disability discrimination.
13 *Walsh*, 471 F.3d 1033, 1037–38; *see also Humphrey v. Mem'l Hospitals Ass'n*, 239 F.3d 1128,
14 1140, n.6 (9th Cir. 2001) (holding that because the FEHA provisions relating to disability
15 discrimination are based on the ADA, decisions interpreting federal anti-discrimination laws are
16 relevant in interpreting the FEHA's similar provisions and thus courts analyze state and federal
17 disability claims together, relying on federal authority in the absence of contrary or differing state
18 law). Thus, Defendants Phillips and Pini cannot be held individually liable.

19 Moreover, to the extent that Plaintiff purports to bring this claim against Defendant Fire
20 Department, such claims are limited to injunctive relief. *See Bd. of Trustees of Univ. of Alabama*
21 *v. Garrett*, 531 U.S. 356, 360 (2001) (holding that ADA suits to recover monetary damages
22 against the state are barred by the Eleventh Amendment). Plaintiff does not ask this Court for
23 injunctive or declaratory relief nor does he plead the required facts to obtain such.[5] Instead,
24 Plaintiff seeks monetary damages. This relief is not available. Thus, Plaintiff's Fifth Cause of
25 Action is DISMISSED.

26 **IV.    CONCLUSION**

---

27 [5] *See Walsh*, 471 F.3d at 1036–37 (9th Cir. 2006) ("To have standing to bring a claim for relief, a plaintiff
28 must show that she has (1) suffered an injury that (2) was caused by the defendant and (3) is likely to be redressed by the relief she seeks.").

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 9) is GRANTED. As such, the Court hereby:

1. DISMISSES Plaintiff's Second and Fourth Cause of Action WITH LEAVE TO AMEND; and
2. DISMISSES Plaintiff's Third and Fifth Causes of Action WITHOUT LEAVE TO AMEND because they are precluded as a matter of law.
3. Defendants' Motion to Dismiss did not address Plaintiff's First Cause of Action, thus, this claim survives.
4. Should Plaintiff wish to file an amended complaint, he must do so within 30 day from the entry of this order.

IT IS SO ORDERED.

Dated: April 8, 2014

Troy L. Nunley
United States District Judge