| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEB ANDERSON, | No. 2:13-cv-01736-TLN-CMK |
| Plaintiff, | |
| v. | **FINAL PRETRIAL ORDER** |
| PENINSULA FIRE DISTRICT, et al., Defendants. | TRIAL DATE: March 12, 2018<br>TIME: 9:00 a.m. |

This Court held a Final Pretrial Conference on January 11, 2018. Plaintiff Caleb Anderson ("Plaintiff") was represented by Larry L. Baumbach. Defendants Robert Phillips; and Gary Pini ("Defendants") were represented by James K. Ward and Daniel P. Jay.[1] After the hearing, the Court makes the following findings and orders:

**I.    JURISDICTION / VENUE**

This Court has jurisdiction pursuant to 28 U.S.C. §1331.

Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(1) as Defendants reside in this District. Further, venue is also proper as a substantial, if not all, of the events giving rise to Plaintiff's claim occurred in this District. 28 U.S.C. § 1391(b)(2).

**II.   SETTLEMENT CONFERENCE**

The parties participated in a settlement conference before the Honorable Magistrate Judge

---

[1] Defendant Peninsula Fire District has been dismissed from this action. (ECF No. 31.)

1

Edmund F. Brennan on February 28, 2017, and a settlement was not reached. At the Final Pretrial Conference, the parties reserved a second settlement conference before Magistrate Judge Brennan on March 8, 2018 at 9 a.m.

### III. JURY TRIAL

The parties have demanded a jury trial. Accordingly, this matter shall be tried before a jury. The Court shall empanel eight (8) jurors.

### IV. UNDISPUTED FACTS

The parties do not dispute the following facts.

a. Plaintiff began working for Peninsula Fire District as a firefighter / paramedic in 2004.

b. In November 2010 service workers discovered bat guano in the attic above Station 2.

c. Captain J.R. Jones reported the bat guano issue to the California Division of Occupational Safety and Health in November 2010.

d. An inspection by the California Division of Occupational Safety and Health on January 19, 2011, discovered the presence of bat guano in Station 2 and the Division ordered a clean-up.

e. The clean-up of Station 2 was completed in April 2011.

f. Because Chief Pini was on extended medical leave from November 2010 to January 2011, the Peninsula Fire District requested Robert Phillips serve as the acting Fire Chief during the approximately three months of Chief Pini's absence.

g. On December 22, 2010, Robert Phillips, as acting Fire Chief of Peninsula Fire District, issued a "Letter of Warning" to Plaintiff regarding his "negative treatment of Peninsula Fire District employees" and other issues.

h. On December 22, 2010, Robert Phillips, as acting Fire Chief of Peninsula Fire District, issued a "Letter of Warning" to Captain J.R. Jones regarding his "negative treatment of Peninsula Fire District employees" and other issues.

i. The June 29, 2012, written notice informed Plaintiff that he could appeal or respond to the disciplinary action within 10 days by using an enclosed grievance form to request

administrative review and an opportunity to respond to the charges.

      j.      On July 6, 2012, Plaintiff submitted to Peninsula Fire District a written appeal and explanation to the June 29, 2012 Notice of Intent to Discipline and Possible Termination.

      k.      On July 11, 2012 Plaintiff signed a NorCal 202A accreditation form that was initialed by firefighter / paramedic Tobias Beck which indicated Plaintiff had completed all the required courses and trainings for Continuous Accreditation in the NorCal EMS region as of that date.

      l.      Plaintiff's NorCal 202A form was received by NorCal EMS on July 16, 2012.

      m.      On July 18, 2012, Chief Pini notified Plaintiff in writing that his request for administrative appeal was received and that an opportunity to present his response to Chief Pini regarding his discipline was scheduled for July 31, 2012, at the Peninsula Fire District Administration Office.

      n.      On July 31, 2012, Plaintiff met with Chief Pini and a meeting was held regarding Plaintiff's discipline.

      o.      Plaintiff brought his labor representative, and fellow firefighter Lucas Niles, to the July 31, 2012 hearing with Chief Pini.

      p.      At the date of Plaintiff's termination, Gary Pini was Peninsula Fire District's Fire Chief.

      q.      At the date of Plaintiff's termination, Plaintiff was a Captain.

## V.     DISPUTED FACTUAL ISSUES

      a.      The parties dispute the nature of Plaintiff's personal involvement in the report to the California Division of Occupational Safety and Health regarding the bat guano at Station 2.

      b.      The parties dispute whether the December 22, 2011 Letter of Warning issued to Plaintiff was in retaliation for any reports to the California Division of Occupational Safety and Health.

      c.      The parties dispute whether Gary Pini was aware that Plaintiff had difficulty writing without a computer.

      d.      The parties dispute whether Plaintiff's State EMSA paramedic license lapsed and whether Plaintiff received pay as a paramedic during the time period that his license was invalid.

e. The parties dispute whether firefighter / paramedic Tobias Beck was authorized to initial Plaintiff's NorCal EMS 202A form.

f. The parties dispute whether firefighter / paramedic Tobias Beck properly verified that Plaintiff had completed all the required courses and trainings for Continuous Accreditation in the NorCal EMS region as required to be shown on the NorCal EMS 202B Form.

g. The parties dispute whether Plaintiff had completed all the required courses and trainings for Continuous Accreditation in the NorCal EMS region.

h. The parties dispute whether Gary Pini was involved in the decision by NorCal EMS to not renew Plaintiff's paramedic reaccreditation.

i. The parties dispute the nature and substance of any communication between Chief Pini and Robert Phillips regarding Plaintiff's discipline, following Chief Pini's discovery that Plaintiff's paramedic license was lapsed.

j. The parties dispute whether Chief Pini and Robert Phillips retaliated against Plaintiff for his alleged involvement in the report to the California Division of Occupational Safety and Health regarding the bat guano as well as for his union activity.

k. The parties dispute whether Gary Pini and Robert Phillips were biased against Plaintiff for any alleged involvement in a report to the California Division of Occupational Safety and Health regarding the bat guano or for his union activity.

l. The parties dispute the nature of the Peninsula Fire District's discipline appeal process afforded to Plaintiff and whether the appeal process satisfied due process requirements.

m. The parties dispute whether Plaintiff was properly notified of his appeal rights in relation to his discipline.

n. The parties dispute whether an appeal hearing before the Peninsula Fire District Board of Directors would have been fair and impartial under the due process clause of the Fourteenth Amendment to the U.S. Constitution.

o. The parties dispute whether Plaintiff waived his right to make a violation of due process claim when he failed to appeal his termination to the Peninsula Fire District Board of Directors.

p. The parties dispute whether Robert Phillips was involved or had any input in the

decision to terminate Plaintiff's employment.

  q. The parties dispute the types and amounts of damages to which Plaintiff is entitled to recover, if any.

  r. The parties dispute whether on June 26, 2012, Plaintiff was placed on paid administrative leave by Chief Pini because he discovered Plaintiff's paramedic license had expired on May 1, 2012.

  s. The parties dispute whether on June 29, 2012, Peninsula Fire District issued a Notice of Intent to Discipline and Possible Termination to Plaintiff for not keeping a current paramedic license for which he was hired for; for not notifying the District's Fire Chief that his paramedic license had expired on May 1, 2012; for continuing to work and accepting pay as a paramedic while he was not licensed; and for not following the Fire Chief's written order on filling out daily log books.

  t. The parties dispute whether the June 29, 2012 Notice of Intent to Discipline and Possible Termination imposed the following discipline effective July 15, 2012: (1) unpaid leave from July 15, 2012 through August 15, 2012; and (2) demotion to Firefighter / Paramedic effective August 15, 2012, but if Plaintiff could not produce a valid / current Paramedic License from the State of California EMS Authority and the Northern California EMS by August 15, 2012, he would be terminated.

  u. The parties dispute whether on July 18, 2012, NorCal EMS emailed Plaintiff (and carbon copied Chief Pini) notifying him his application was missing NorCal form 202B.

  v. The parties dispute whether Plaintiff was further notified by the July 18, 2012 notification that he was entitled to bring a labor representative together with any new information to the hearing; that his discipline would not go into effect until the completion of the hearing; and that he was still on paid administrative leave until further notified.

  w. The parties dispute whether on August 2, 2012, Chief Pini issued a written decision following the July 31, 2012 hearing that notified the Plaintiff that his written response and appearance at the July 31, 2012 hearing has been considered and that the Fire Chief's decision was to uphold and enforce the intended discipline.

  x. The parties dispute whether Plaintiff was also informed by the August 2, 2012

letter by Chief Pini that he could next appeal in writing within 10 days and that if he did so a hearing would be set up before the Peninsula Fire District's Board of Directors.

    y.    The parties dispute whether Plaintiff never requested a hearing before Peninsula Fire District's Board of Directors.

    z.    The parties dispute whether Plaintiff was notified by a letter from Chief Pini dated August 24, 2012, that his employment with Peninsula Fire District was terminated because he had not met the conditions imposed by the June 29, 2012 Notice of Intent to Discipline and Possible Termination.

    aa.    The parties dispute whether pursuant to Peninsula Fire District policies and job descriptions, all employees in Plaintiff's job title of Captain are required to hold and maintain a valid paramedic license and NorCal EMS accreditation.

    bb.    The parties dispute whether at the date of Plaintiff's termination, Robert Phillips was Peninsula Fire District's Board Chairman.

## VI. **DISPUTED EVIDENTIARY ISSUES**

    a.    Plaintiff indicates from his perspective there are "none at this time." (ECF No. 39 at 8.)

    b.    Defendants suggest they intend to file motions in limine with respect to unspecified evidence pertaining to Plaintiff's "claimed future lost wages/economic damages." (ECF No. 39 at 8.)[2]

## VII. **WITNESSES**

The parties list the following prospective witnesses:

    a.  Caleb Anderson

    b.  Tobias Beck

    c.  Robert Phillips

    d.  Gary Pini

---

[2] Defendants further submit that this Court should address whether "Plaintiff's claim for punitive damages is unsupportable." (ECF No. 39 at 8.) At the Final Pretrial Conference, Defendants were reminded of this Court's earlier admonition in the Pretrial Scheduling Order (ECF No. 19 at 5):

> The parties are reminded that a motion in limine is a pretrial procedural device designed to address the admissibility of evidence. The Court will look with disfavor upon dispositional motions presented in the guise of motions in limine.

6

|   |   |
|---|---|
| 1 | e. Jaimee A. Jones, P.C. |
| 2 | f. James R. Jones, Jr. |
| 3 | g. David Diehl |
| 4 | h. Patrick Corcoran |
| 5 | i. Dustin Krause |
| 6 | j. James R. Jones |
| 7 | k. Lucas Niles |
| 8 | l. M.D. Smith |
| 9 | m. Matt Miller |
| 10 | n. Hans Willman |
| 11 | o. Dennis Mason |
| 12 | p. Dalaya Crawford |
| 13 | q. Kara Davis |
| 14 | r. Debbie Harms |
| 15 | s. Eric M. Rudnick, M.D. |
| 16 | t. Dennis Barker |
| 17 | u. Preston Stevens, RN |
| 18 | v. Bruce Sherod |
| 19 | w. Nancy Foote |
| 20 | x. Lucille Moore |
| 21 | y. Russel Greenlaw |

A. No other witnesses will be permitted to testify unless: (1) the party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Final Pretrial Conference, or (2) the witness was discovered after the Final Pretrial Conference and the proffering party makes the showing required in section B below.

B. Upon the post-pretrial discovery of witnesses, the attorney shall promptly inform the Court and opposing parties of the existence of the unlisted witnesses so that the Court may

consider at trial whether the witnesses shall be permitted to testify. The evidence will not be permitted unless: (1) the witnesses could not reasonably have been discovered prior to pretrial; (2) the Court and opposing counsel were promptly notified upon discovery of the witnesses; (3) if time permitted, counsel proffered the witnesses for deposition; and (4) if time did not permit, a reasonable summary of the witnesses' testimony was provided by opposing counsel.

**VIII.　EXHIBITS-SCHEDULES AND SUMMARIES**

The parties expect numerous exhibits at trial which have been memorialized in the parties' Exhibit C and Exhibit D to the Joint Final Pretrial Conference Statement and are thus incorporated herein.

**Plaintiff's exhibits shall be listed numerically. Defendants' exhibits shall be listed alphabetically.** The parties shall use the standard exhibit stickers provided by the Court Clerk's Office: pink for Plaintiff and blue for Defendants. After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)") to reduce confusion during the trial. All multi-page exhibits shall be fastened together and each page within the exhibit shall be numbered. All photographs shall be marked individually. The list of exhibits shall not include excerpts of depositions which may be used to impeach witnesses.

Each party may use an exhibit designated by the other. In the event that Plaintiff and Defendants offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is first identified. The Court cautions the parties to pay attention to this detail so that all concerned will not be confused by one exhibit being identified with both a number and a letter.

A.　The Court will not permit introduction of other exhibits unless: (1) the party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Scheduling Conference, or (2) the exhibit was discovered after the Pretrial Scheduling Conference and the proffering party makes the showing required in paragraph "B" below.

B.　Upon the post-pretrial discovery of exhibits, the attorneys shall promptly inform the Court and opposing counsel of the existence of such exhibits so that the Court may consider at trial their admissibility. The exhibits will not be received unless the proffering party

demonstrates: (1) the exhibits could not reasonably have been discovered prior to pretrial; (2) the Court and counsel were promptly informed of their existence; (3) counsel forwarded a copy of the exhibit(s) (if physically possible) to opposing counsel. If the exhibit(s) may not be copied, the proffering counsel must show that he or she has made the exhibit(s) reasonably available for inspection by opposing counsel.

    C.    As to each exhibit, each party is ordered to exchange a copy identical to the Court's copy, or other reproduction of the exhibit(s) in a three-ring binder(s) **no later than one week before trial.**

    D.    The attorney or representative for each party is directed to present one copy of the exhibit(s) and exhibit list to the Court Clerk's Office, **no later than 3:00 p.m., one week before trial**, or at such earlier time as may be ordered by the Court. The Court shall be presented with a copy of the exhibit(s) in a 3-ring binder(s) with a side tab identifying each exhibit by number or letter. Each binder shall be no larger than three inches in width and have an identification label on the front and side panel.

    E.    It is the duty of counsel to ensure that witnesses have access to a copy of exhibit(s) if needed.

**IX.    DISCOVERY DOCUMENTS**

    A.    <u>Lodging Deposition Transcripts and Video Files</u>

It is the duty of counsel to ensure that any deposition transcripts which are to be used at trial have been lodged with the Clerk of the Court **one week prior to trial.** Counsel are cautioned that a failure to discharge this duty may result in the Court precluding use of the deposition or imposition of such other sanctions as the Court deems appropriate.

    B.    <u>Use of Depositions</u>

The parties are ordered to file with the Court and exchange between themselves **no later than one week before trial** a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

    C.    <u>Interrogatories and Admissions</u>

In their Joint Final Pretrial Conference Statement, the parties indicate that "[a]t present

there are no depositions, answers to discovery that the parties intend to offer other than for impeachment. The parties reserve the right to use the entirety of the depositions taken in this case for impeachment purposes." (ECF No. 39 at 10.)

## X.     FURTHER DISCOVERY OR MOTIONS

Pursuant to the Court's Pretrial Scheduling Order, all discovery and law and motion was to have been conducted so as to be completed as of the date of the Final Pretrial Conference. That Order is confirmed. The parties are free to engage in informal agreements regarding discovery and law and motion matters. However, any such agreements will not be enforceable in this Court.

## XI.    MOTIONS IN LIMINE

The parties' motions in limine are due no later than 5 p.m. on February 19, 2018. Oppositions are due no later than 5 p.m. on February 26, 2018, and replies, if needed, are due no later than 5 p.m. on March 5, 2018.

## XI.    AGREED STATEMENTS - JOINT STATEMENT OF CASE

It is mandatory the parties shall file a short, jointly-prepared statement concerning the nature of this case that will be read to the jury at the commencement of trial. The parties proposed the following joint statement of the case in their Joint Final Pretrial Conference Statement:

"James K. Ward of the law firm of Evans, Wieckowski, Ward & Scoffield represents the Defendants, Gary Pini and Robert Phillips. Larry L. Baumbach of the Law Office of Larry L. Baumbach represents the Plaintiff, Caleb Anderson. Gary Pini is the Fire Chief of the Peninsula Fire District located in Lake Almanor, California. Robert Phillips was the Chairman of the Board of Directors for the Peninsula Fire District. Caleb Anderson was formerly employed by Peninsula Fire District as a Captain.

Mr. Anderson claims that he was not afforded adequate due process when he was terminated from the Peninsula Fire District in August 2012. That is, Mr. Anderson claims that the procedure used to terminate him and the procedure whereby he could challenge the decision to terminate him were unlawful. Mr. Anderson claims that Chief Pini and Mr. Phillips retaliated against him and set out to make the process unlawful because of (1) Mr. Anderson's report to

state authorities regarding bat guano in the living quarters of a fire station in November 2010 and (2) because of his union activity.

Chief Pini and Mr. Philips deny that they retaliated against Mr. Anderson or that the process used to terminate Mr. Anderson was unlawful or that the process by which Mr. Anderson could appeal his termination was unlawful. Rather, Chief Pini and Mr. Philips contend that Mr. Anderson was terminated because Chief Pini discovered that Mr. Anderson had been working and receiving pay as a firefighter / paramedic when his paramedic accreditation had lapsed and, thereafter, that Mr. Anderson submitted a license renewal application that was not properly verified by an authorized representative of the Peninsula Fire District. Chief Pini and Mr. Phillips further contend that the process used to terminate Mr. Anderson was lawful and that he waived any claim because he failed to appeal his termination with the Peninsula Fire District Board of Directors as required by District policy as well as the agreement between the Firefighters' Union and the District. Mr. Phillips contends that he was not involved in any manner in the decision by Chief Pini to terminate Mr. Anderson's employment."

**XII. PROPOSED JURY INSTRUCTIONS, VOIR DIRE, VERDICT FORM**

A. <u>Jury instructions</u>

Counsel are directed to meet and confer and to attempt to agree upon a joint set of jury instructions. Counsel shall use the Ninth Circuit Model Jury Instructions and any revisions. Alternate instruction or authority may only be used if a Ninth Circuit Model Jury Instruction is unavailable. All instructions shall be, to the extent possible, concise, understandable, and free from argument. *See* Local Rule 163(c). **Parties shall also note that any modifications of instructions from statutory authority, case law or from any form of pattern instructions must specifically state the modification by underlining additions and bracketing deletions.** Pursuant to Local Rule 163, jury instructions shall be filed with the Court **on or before the first day of trial**.

B. <u>Verdict Form</u>

The parties must file a joint verdict form(s) concurrently with proposed jury instructions **on or before the first day of trial**. If necessary, a special verdict or interrogatories shall be

included for all factual disputes submitted to the jury that must be resolved before questions of law can be decided, and for any other issue on which specific responses are desired. *See* Local Rule 163(e).

      C.    Voir Dire

The parties shall submit proposed voir dire questions to the Court. The Court reserves the right to conduct all examination of prospective jurors. Pursuant to Local Rule 162.1, the voir dire questions shall be filed with the Court **one week before trial**.

## XIII. AUDIO/VISUAL EQUIPMENT

The parties are required to notify the Courtroom Deputy Clerk, Michele Krueger, **twenty-one (21) days before trial**, if they wish to reserve and arrange for orientation with all parties on the Court's mobile audio/visual equipment for presentation of evidence. There will be one date and time for such orientation.

## XIV. DATE AND LENGTH OF TRIAL

Trial is scheduled for **Monday, March 12, 2018**. The estimated length of trial is 5–7 days. Counsel are to email Michele Krueger, Courtroom Deputy Clerk, at mkrueger@caed.uscourts.gov or call 916-930-4163 by **February 19, 2018,** to ascertain the status of the trial date.

## XV. OBJECTIONS TO PRETRIAL ORDER

Each party is granted **fourteen (14) days** from the entry of this Final Pretrial Order to object to any part of the order or to request augmentation to it. A Final Pretrial Order will be modified only upon a showing of manifest injustice. If no objection or modifications are made, this Order will become final without further order of the Court and shall control the subsequent course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: January 17, 2018

                                          Troy L. Nunley
                                          United States District Judge